IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRISTOPHER SLAVICK, #A0765881, | ) ) | CIV. NO. 18-00142 SOM-RLP |
|---|---|---|
| Petitioner, vs. | ) ) ) ) | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| SCOTT HARRINGTON, | ) ) ) | |
| Respondent. | ) ) ) | |

**ORDER DISMISSING PETITION AND
DENYING CERTIFICATE OF APPEALABILITY**

Before the court is Petitioner Christopher Slavick's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 ("Petition"). Pet., ECF No. 1. Slavick challenges the legality of the sentence imposed in *State v. Slavick*, Cr. No. 04-1-1534 (Haw. 1st Cir. Feb. 15, 2013).

The court has screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4"), and finds that it is second or successive and must be dismissed for lack of the necessary certification. *See* 28 U.S.C. § 2244(a). The Petition is DISMISSED without prejudice pursuant to 28 U.S.C. § 2244(b)(2), and is

referred to the Ninth Circuit Court of Appeals. *See* Ninth Circuit Rule 22-3. Any request for a certificate of appealability is DENIED. Slavick's informal request to proceed in forma pauperis, *see* Pet., PageID #16, is DENIED as moot.

## I. **LEGAL STANDARD**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") "restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001) (citing 28 U.S.C. § 2244(b)(1)). A petition is second or successive if it challenges "the same custody imposed by the same judgment of a state court" as a previous federal habeas petition. *Burton v. Steward*, 549 U.S. 147, 153 (2007).

Section 2244 first instructs courts to dismiss any claim "presented in a second or successive habeas corpus application" that the petitioner "presented in a prior application." 28 U.S.C. § 2244(b)(1).

New claims that are presented in a second or successive habeas corpus petition must also be dismissed unless one of two exceptions applies:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B)(ii). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A petitioner's failure to obtain authorization from the circuit court to proceed with a successive petition is

jurisdictional.  *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

## II. BACKGROUND[1]

On February 15, 2013, Slavick was convicted in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), of Promoting a Harmful Drug in the First Degree, in violation of Hawaii Revised Statutes ("HRS") § 712-1244(1)(a), a class A felony.  *See State v. Slavick*, Cr. No. 04-1-1534 (Haw. 1st Cir. 2013); http://hoohiki.courts.hawaii.gov/#/search.  The circuit court sentenced Slavick to an indeterminate term of twenty years.[2]  The Hawaii Intermediate Court of Appeals ("ICA") affirmed on July 24, 2014; judgment on appeal was filed September 15, 2014.

---

[1] This information is taken from the Petition, the record in *Slavick v. Sequeira*, No. 1:15-cv-00424-DKW-KJM (D. Haw. Oct. 15, 2015), and publicly available state court records. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue"); *see also* Fed. R. Evid. 201(b).

[2] Pursuant to HRS § 706-659, a person convicted of a class A felony "shall be sentenced to an indeterminate term of imprisonment of twenty years[,]" absent certain conditions not relevant here.

4

On October 15, 2015, Slavick filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction in Cr. No. 04-1-1534. *See Slavick v. Sequeira,* No. 1:15-cv-00424-DKW-KJM (D. Haw. Oct. 15, 2015). Slavick asserted that his conviction violated his federal constitutional rights to a speedy trial and freedom from double jeopardy.

On September 23, 2016, the Honorable Derrick K. Watson dismissed the petition with prejudice on its merits. *See id.*, Order (1) Adopting the Findings and Recommendation to Deny Petition for Writ of Habeas Corpus and (2) Denying Certificate of Appealability, ECF No. 53. On March 7, 2017, the U.S. Court of Appeals for the Ninth Circuit denied Slavick's request for a certificate of appealability. *Id.*, ECF No. 58.

While his federal habeas petition was proceeding, Slavick filed a petition for state post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP"). *See Slavick v. State*, S.P.P. No. 16-1-004 (1PR161000004) (Haw. 1st Cir. Feb. 18, 2016). In his Rule 40 action, Slavick primarily challenged the

5

Hawaii Paroling Authority's ("HPA") imposition of his minimum term of imprisonment, but he also alleged that the trial judge had abused her discretion by sentencing him to a twenty-year term after relying on allegedly incorrect information.[3] *See id.*, State's Answer, "additional Rule 40 Grounds Petitioned for," attachment "A-1, A-2, A-3," and 2017 Amendment.

On October 10, 2017, the circuit court denied Slavick's HRPP Rule 40 Petition. *Id.*, Docket 52. On November 15, 2017, Slavick appealed. *See Slavick v. State*, CAAP-17-0000834 (Haw. App. Nov. 15, 2017). That appeal is currently pending before the ICA. *Id.*, Docket 55.

On April 18, 2018, Slavick filed the instant Petition, challenging the sentence imposed by the trial judge in Cr. No. 04-1-1534. He alleges that the trial judge "relied on and utilized materially FALSE

---

[3] Although Slavick expressly asserted, "this is NOT a court judgment challenge," in his Rule 40 petition, he clearly challenged the trial judge's actions during retrial and sentencing. S.P.P. No. 16-1-004, Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody, at 2 (Haw. 1st Cir. Oct. 10, 2017).

information to determine his sentence." Pet., ECF No. 1, PageID #5. Slavick states that this false information was entered on the docket in his criminal proceeding two weeks *before* his sentencing hearing on May 3, 2013, and that the judge admitted four months later "that the information which she entered [on the docket] was 'mistaken' and 'erroneous.'" *Id.* Slavick asserts, however, that he only learned of this information recently when the ICA ordered his appellate attorney, Jin Tae Kim, to provide him with "appeal documents and/or transcripts" from his previous proceedings. *Id.* Kim filed a declaration on January 8, 2018, stating that he had delivered all documents and transcripts from Slavick's appeal to Slavick on December 15, 2017, and provided a signed receipt to that effect. *See Slavick*, CAAP-17-0000834, Jan. 8, 2018 Docket entry.

### III.  **DISCUSSION**

First, based on the record before this court, it is clear that the instant Petition is second or successive and this court is without jurisdiction to consider it

7

without authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor*, 822 F.3d at 490.

Second, Slavick has a state post-conviction petition pending on appeal with the ICA. It appears that he makes the same or similar claims against the state trial judge in that petition, i.e., that she abused her discretion on sentencing, as he asserts here. If so, he may obtain relief in that proceeding, negating the need to seek relief in federal court.

Third, Slavick's claim that the trial judge abused her discretion during sentencing because she relied on false information is without merit. Because Slavick was convicted of a class A felony, the trial judge was required to sentence him to "an indeterminate term of imprisonment of twenty years without the possibility of suspension of sentence or probation," pursuant to HRS § 706-659 (West). That is what she did.

Moreover, to qualify for the exception to § 2244(a)'s bar to filing a second or successive petition by asserting newly discovered evidence, such claims must be "predicated on newly discovered facts

8

that call into question the accuracy of the *guilty verdict*." *Tyler*, 533 U.S. at 661-62 (emphasis added); 28 U.S.C. §§ 2244(b)(2)(A)-(B). Slavick's challenge to his allegedly illegal twenty-year term does not establish "that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying defense." 28 U.S.C. § 2244(b)(2)(B)(ii).

### III. CONCLUSION

The instant Petition is second or successive, and this court is without jurisdiction to consider it without authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor*, 822 F.3d at 490. This action is DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.

The Petition may have been "mistakenly submitted" to this court, and the Clerk is DIRECTED to refer the Petition to the Ninth Circuit Court of Appeals. *See* Ninth Cir. Rule 22-3 ("If a second or successive petition or motion, or an application for authorization

to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.").

The Clerk shall send a copy of the habeas petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit. The Clerk shall also provide Slavick with the form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

To the extent a certificate of appealability is required, "jurists of reason would" not "find it debatable" that this court lacks jurisdiction over this Petition without authorization from the Ninth Circuit. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Any request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; May 4, 2018.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Slavick v. Harrington*, No. 1:18-cv-00142 SOM-RLP; ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY